## THE UNITED STATES DISTRICT COURT FOR THE
## DISTRIST OF COLUMBIA

| | |
|---|---|
| DM Debt & Collections, Inc.<br>611 Pennsylvania Avenue, SE<br>Suite 302<br>Washington, DC 20003<br>**Plaintiff** | *<br>*<br>*<br>*<br>*<br>* |
| v. | *<br>* |
| NVR Incorporation t/a Ryan Homes<br>Plaza America Tower<br>11700 Plaza America Drive<br>Suite 500<br>Reston, VA 20190 | *<br>*<br>*<br>*<br>*<br>* |
| Forrester Construction Company<br>12231 Park Lawn Drive<br>Rockville, Maryland 20852 | *<br>*<br>*<br>* |
| Access Demolition Contracting Inc<br>3437 9th Street<br>Baltimore, Maryland 21225 | *<br>*<br>*<br>* |
| Bozzuto Group<br>6406 Ivy Lane<br>Suite 700<br>Greenbelt, Maryland 20770 | *<br>*<br>*<br>*<br>* |
| Harkins Builders, Inc<br>2201 Warwick Way<br>Marriottsville, Maryland 21104 | *<br>*<br>*<br>* |
| PCC/CDM Smith Joint Venture<br>500 Overlook Avenue SW<br>Washington, DC 20032 | *<br>*<br>*<br>* |
| EnviroSolutions, Inc.<br>11220 Assett Loop # 201<br>Manassas, VA 20109<br>**Defendants** | *<br>*<br>*<br>* |

## COMPLAINT

Comes now plaintiff by and through Counsel Clarissa Thomas and The Law Office of C. Thomas, Chartered and files the complaint:

1. Jurisdiction based on 28 U.S.C § 1332.

2. Plaintiff is a United States citizen, an, an adult resident of District of Columbia and an officer of DMD&C who performs services of demolition. DMD&C is a dc corporation who is a (CBE) certified business enterprise company (DBE) Disadvantaged business enterprise, doing business in the District of Columbia as a provider of demolition and dumpster services for construction sites. As a small minority women owned disabled CBE company. DMD&C is eligible for minority set asides contracts so they can compete in the market place with larger majority construction contractors. Under the CBE program, large contractors are required to include small disadvantage certified businesses when they bid for DC Contracts. The large contractors usually do the same as a joint venture with the small business Once the large contractor is awarded the contract, he or she thereafter must certify to the District of Columbia government on a quarterly and monthly basis that they are paying the small disadvantaged for the agreed upon contract amount. The small business joint venture agreement allows for given 39% to 50% of the contract value allocated to the CBE. The plaintiff is also entitled under the DC Prompt Payment Act, which requires all subcontractors and contractors to be paid promptly on the specified date in the agreement. Failure to do so subjects the contractor to reasonable attorney fees, interests and costs.

3. The defendant NVR Incorporation t/a Ryan Homes (hereinafter NVR) is a Virginia company doing business in the District of Columbia at all times relevant thereto as a company who specializes in homebuilding and mortgage banking.

4. The defendant Forrester Construction Company (hereinafter Forrester) is doing business in the District of Columbia at all times relevant thereto as a construction company who also specializes in building construction.

5. The defendant Access Demolition Contracting (hereinafter Access) is doing business in the District of Columbia at all times relevant thereto as a demolition company.

6. The defendant Bozzuto Group (hereinafter Bozzuto) is a Maryland company doing business in the District of Columbia at all times relevant thereto as a construction company.

7. The defendant Harkins Builders, Inc. (hereinafter Harkins) is a Maryland company doing business in the District of Columbia at all time relevant thereto as a

8. The defendant PCC/CDM Smith Joint Venture. (hereinafter PCC/CDM Smith) is a Massachusetts and Vermont company doing business in the District of Columbia at

all time relevant thereto as a contractor with the District of Columbia Water and Sewer Authority.

9. The defendant EnviroSolutions, Inc. (hereinafter ESI) is a Virginia Company doing business in the District of Columbia at all times relevant thereto as a waste management construction company.

10. On or about 2011 the plaintiff entered into a supplies and materials agreement with Access to provide construction demolition supplies for a construction site, namely, Scattered Sites and Mayfair Mansions Projects which are District of Columbia funded low to moderate income housing. Both Harkins Construction and Forrester were the primary contractors on each specific job. The plaintiff was supposed to be paid ($365,156.00) three hundred sixty five thousand, one hundred fifty six dollars for the contract and ($116,000) one hundred and sixteen thousand dollars for the dumpster services at the site certified by the reports submitted to the Small Business Office. In accordance with the agreement, the plaintiff was to be paid in full upon completion of the contract with Harkins and Forrester. The project was completed in 2013. The plaintiff therefore requested her payment of the contract value $365,156.00 and $116,000 for completed dumpster services from the defendants Access and Forrester. The defendant refused to remit payment of the same and has not made any payments as of date. Although, the defendants never paid the plaintiff any monies under the agreement, the defendants forged the plaintiff's name on notarized certification documents to the District of Columbia swearing under oath that the plaintiff had been paid $302,000 (three hundred and two thousand dollars). However, the plaintiff had not been paid any monies for said contract. The defendants Forrester however still took tax credits for using the plaintiff's disadvantage business certification on their project.

11. The defendants Access and ESI teamed up to work on Scattered Sites, a Harkins Building Group project in the District of Columbia with the plaintiff. The project was valued at ($1,000,000) one million dollars. ESI was a subcontractor to Access Demolition. The defendant, Access, was awarded the contract along with the plaintiff. The plaintiff was supposed to receive 39 to 50% percent of said contract. The defendants, Access and ESI, used the plaintiff's DMD&C business credit line to purchase more than $750,000 worth of demolition equipment, which the plaintiff does not know the whereabouts of said equipment. nor authorized the defendants to use her line of credit. The defendants, Access & ESI, directly ordered and received demolition and dumpster supply equipment from vendors, namely, BKW Environmental East (New Jersey) and Inline Distributing Company (California). Both BKW and Inline confirmed that materials were delivered to the Access Demolition warehouse in Baltimore, Maryland and to Access/ESI project sites in Washington, DC. Plaintiff is not aware of the inventory deposition, as Access provided no tracking records or accountability. The defendants however failed to pay the invoices from them and indebted DMD&C in the amount of $86,000. As a result of the defendants using the plaintiff's line of credit, BKW and Inline are asserting that the plaintiff owes them this money.

12. The defendant ESI owes Plaintiff $250,000 for fifty percent (50%) mandatory fees for usage of Plaintiff's Small Business CBE Certification status, which resulted in ESI acquiring revenue that they would never have received without their often unauthorized usage of Plaintiff's credentials.

13. On or about June 2013, the defendant Bozzuto and the plaintiff entered into an agreement, on the DC Tyler House construction project located on New York Avenue. The plaintiff provide dumpster services for the construction site for ($15,0000) fifteen thousand dollars. The plaintiff completed her services for Bozzuto on November 14, despite notice and demands the defendant Bozzuto has failed to pay the plaintiff. Thus, defendant Bozzuto is indebted to the plaintiff for $15,000 plus interest and cost.

14. The defendant NVR is the parent company for the Fort Lincoln construction project. The defendant NVR entered into an agreement with the plaintiff to provide dumpster services and porter potties for the construction site. The plaintiff was supposed to be paid ($65,000) sixty five thousand dollars upon completion for her work, which concluded on December 2014. ESI was doing the demolition. When NVR failed to remit payment, ESI stop dong the demolition. Thus, the plaintiff had to pay ESI ($10,000) ten thousand dollars so they would continue the work. Although, NVR was required to pay the plaintiff $65,000 for dumpster and potty toilet services that had been provided. When NVR refused to pay again after request, ESI walked off the job. Thus, the plaintiff had to hire replacement contractors. ESI thereafter contacted NVR and told them that the plaintiff had not been paying the contractors. Although, ESI knew that NVR had not paid the plaintiff and froze all the payments; NVR was well aware that they have never paid the plaintiff. Notwithstanding the same, NVR has frozen the plaintiff fee without cause. Thus, NVR is indebted to the plaintiff in the amount of $65,000.

15. The defendant PCC/CDM Smith owes the Plaintiff a contract balance of $5,400 for dumpster services performed at DC Water and Sewer Authority. The contract was based on $126,000 for one year.

**RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

A. Jury Demand
B. Judgment against the defendants as follows:
   - NVR Incorporation t/a Ryan Homes - $65,000,
   - Forrester Construction Company - $365,156.00
   - Access Demolition Contracting, Inc and Harkins Builder, Inc and EnviroSolutions, Inc - $86,000
   - Bozzuto Group - $15,000
   - PCC/CDM Smith Joint Venture - $5,400.00

- ESI - $250,000

C. Awarding $18,431.27 in attorney's fees and costs, and interest under the District of Columbia Private Contractor and Subcontractor Prompt Payment Act of 2013, and any and all relief that is appropriate and just and proper.

**Respectfully Submitted,**

/s/ Clarissa T. Edwards

Clarissa T. Edwards # 434607
Law Office C. Thomas, Chartered
2402 L'Enfant Square SE
Washington, DC 20020
Office: 202-546-0638
Fax: 202-543-2623

## VERIFICATION

I, Bonnie Adigunolujide, certify under oath that I have answered the following Interrogatories and Admissions above truthfully to the best of my knowledge, recollection and belief.

_____
Bonnie Adigunolujide

Subscribed and sworn to before me this 11th day of December, 2015

_____
Notary Public

My Commission expires on: August 14, 2020

SEAL

SADHAK K. CHAKROBORTY
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires August 14, 2020

