UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DM DEBT & COLLECTIONS, INC., | ) ) ) |
| PLAINTIFF, | ) ) |
| v. | ) Civ. No. 15-cv-2262 (KBJ) ) |
| NVR INCORPORATION T/A RYAN HOMES, *et al.*, | ) ) ) ) |
| DEFENDANTS. | ) ) |

## ORDER TO SHOW CAUSE

Under Federal Rule of Civil Procedure 8, every complaint must contain "a short and plain statement of the grounds for the court's jurisdiction[.]" Fed. R. Civ. P. 8(a)(1). This Court has reviewed the complaint in the above captioned matter, which alleges that this Court has diversity jurisdiction, and finds that it is deficient for two separate reasons, which are explained further below. First, the Complaint fails to plead properly the statutory diversity requirements for all parties. *See* 28 U.S.C. § 1332(a)(1); *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983) ("[T]he party seeking the exercise of diversity jurisdiction bears the burden of pleading the citizenship of each and every party to the action."). Second, the complaint fails to plead facts establishing the requisite amount in controversy for all parties. *See GenopsGroup LLC v. Pub. House Investments LLC*, 67 F. Supp. 3d 338, 342 (D.D.C. 2014). In the absence of this information, Plaintiff cannot meet its burden of establishing diversity jurisdiction in the first instance.

...

In order to establish that this Court has diversity jurisdiction over this action, Plaintiff first must plead the citizenship of each party. Plaintiff is a corporation and names corporations and other unspecified business entities as defendants. Because the requirements for pleading citizenship vary based on the party's business form, Plaintiff must plead different information for the various parties. For any corporation, Plaintiff must allege in its complaint both the corporation's state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332. For any partnership, Plaintiff must allege the citizenship of each of the members of the partnership. *Carlsberg Resources Corp. v. Cambria Savings & Loan Assoc.*, 554 F.2d 1254, 1258 (3d Cir. 1977). For any unincorporated association, Plaintiff must allege the citizenship of each of the association's members. *Carden v. Arkoma Assocs.*, 110 S. Ct. 1015 (1990). However, to the extent that the citizenship of any particular individual is implicated in this derivative analysis, the complaint must allege that individual's citizenship; an allegation of *residence* is not sufficient. Plaintiff's current complaint does not plead the requisite information for *any* party to this action, which prevents the Court from properly assessing its jurisdiction over this matter.

In addition to establishing complete diversity between itself and all defendants, Plaintiff must also plead facts establishing the requisite amount in controversy for all parties. *See* 28 U.S.C. § 1332(a) (amount in controversy must "exceeds the sum or value of $75,000"). For purposes of satisfying the amount in controversy requirement, "claims against multiple defendants can be aggregated only when the defendants are jointly liable to the plaintiff." *GenopsGroup*, 67 F. Supp. 3d at 342. Plaintiff seeks damages of $65,000 from NVR Incorporation, $15,000 from Buzzuto Group, and $5,400

from PCC/CDM Smith Joint Venture; all of these demands are well below the $75,000 threshold necessary for this Court to have jurisdiction over the Plaintiff's claims against these defendants.

Accordingly, it is hereby

**ORDERED** that DM Debt & Collections, Inc. **SHOW CAUSE** by **February 4, 2016**, why this Court should not dismiss this case for lack of subject matter jurisdiction. Any response to this Order to Show Cause shall be accompanied by an amended complaint properly pleading the citizenship of the plaintiff and each defendant, and establishing that the amount in controversy with respect to each defendant exceeds $75,000, if this action is to remain before this Court. Failure to respond to this Order to Show Cause and to correct any deficiencies in the complaint may lead to dismissal of the complaint *sua sponte*. *See* Fed. R. Civ. P. 12(h)(3).

Date:  January 15, 2016              *Ketanji Brown Jackson*
                                                  KETANJI BROWN JACKSON
                                                  United States District Judge