IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **DM DEBT &COLLECTION, INC** ) | | |
| 611 Pennsylvania Avenue, SE ) | | |
| Washington, Dc 20003 ) | | |
| **Plaintiff** | | |
| ) | | |
| ) | CA 1:15 cv-002262 (KBJ) | |
| V ) | | |
| **FORRESTER CONSTRUCTION CO** ) | | |
| 12231 Park Lawn Drive ) | | |
| Rockville,Maryland 20852 ) | | |
| ) | | |
| & ) | | |
| **ACCESS DEMOLITION CONTRACTING,** ) | | |
| **INC** ) | | |
| 3437 9TH Street ) | | |
| Baltimore, Maryland 212225 ) | | |
| **Defendants** | | |

## SECOND AMENDED COMPLAINT

Comes now Plaintiff, by and through undersigned counsel and hereby files the

Second amended complaint as follows:

1. Jurisdiction is based on 28 USC 1332.

2. The Plaintiff (Hereafter DMD&C) is a DC corporation doing business in the District of Columbia at all times thereto. Its principal place of business is in the District of Columbia, namely at 611 Pennsylvania Avenue, SE Washington, DC.  It is incorporated in the District of Columbia in October 2010 and has been registered as a DC Corporation at all times relevant thereto.  DMD&C performs demolition and dumpster services for construction sites. As a small minority ran business, DMD & C is eligible for minority set aside contracts, so it can compete in the marketplace with large majority owned construction contractors. Under the CBE program, large contractors are required to include small disadvantaged certified business when they bid for DC Construction contracts. The large construction companies usually include the small companies by doing a joint venture with them or by subcontract agreements. Once the large contractor is awarded a contract from the District of Columbia, it must certify to the DC government on a quarterly or monthly basis that it is paying the small disadvantaged company the agreed upon contract amount. The form is called a Partial waiver and release of payment to the subcontractor and or lower tier

subcontractor.  The small business is usually entitled to 35 of the total value of the contract.  When the small business is a subcontractor on a construction job they are entitled to prompt payments under the DC Prompt Payment Act, which requires all subcontractors and contractors to be paid promptly. Failure to do so subjects the contractor to reasonable attorney fees, interest and cost.

3. Forrester Construction Company is a Maryland Corporation. Its' principal office is located at 12231 Park lawn Drive, Rockville Maryland 20824. The defendant incorporated in Maryland on August 10, 1988 and have been continuously registered in Maryland as a Maryland corporation, till date. Forrester has had extensive contacts with the District of Columbia by doing contracts with the DC Government and by doing business with the plaintiff which is a DC Company. The defendant Forrester also obtained one hundred and forty million dollars in DC government contracts in 2014 and entered into an agreement with the US Attorney office in DC regarding Fraud with DC government contracts. Forester also did construction work on United States Supreme Court, Ford's Theater and Kennedy Center. This constitute more than minimum contact with the District of Columbia to be subject to jurisdiction in the District of Columbia.

4. Access Demolition (hereinafter Access) is a Maryland Corporation. Its principal place of business is 325 Roseler Road, Glen Burnie Maryland. They have been

registered in the state of Maryland as a corporation since September 2, 2003 and are currently registered as a Maryland Corporation. The defendant has been doing demolition work in the District of Columbia at all times relevant thereto and entered into a contract with the plaintiff who is located in the District of Columbia.

5. Harkin Builders won a bid with the District of Columbia, namely Housing Program to build low to moderate income housing on five locations within the District of Columbia. The name of this Project is called Scattered Sites. Harkin Builder was the general contractor on the project.   Thereafter, on or about December 13, 2010., Harkins Builders entered into a subcontract agreement with Access Demolition to provide services which included disposal of demolition debris and hazmat materials on the Scattered Sites project. Upon information and belief Access was to be paid $$940,573.00 by Harkin Builders under this contract. Access also certified to Harkin Builders that they would be awarding 35 % of the contract to a CBE company in accordance with the DC laws.   On January 21,2011 Access entered into a lower tier subcontract agreement with the plaintiff for it to provide construction demolition supplies and material for the Scattered sites project. Pursuant to the January 21,2011 contract Access was to pay the plaintiff ($365, 156. 00) Three hundred Sixty-five thousand, one

hundred six dollars for the contract which is actually 35 percent of the $940,573.00 which Access was to be paid by Harkin Builders. The plaintiff provided the services to the defendant Access in a work like manner and the work was completed by August 2012. Although, under the contract the plaintiff was to be paid monthly Access did not pay it monthly because they claimed that Harkins had not paid them monthly. Upon information and belief, Harkin Builder's had paid Access under their subcontract agreement. Access was supposed to the plaintiff, when it got paid by Harkins builders but it did not pay the plaintiff. Upon information and belief, Access submitted Partial Waiver and Release forms to the District affirming under oath that they had paid the plaintiff, who was the lower tier contractor on the job, as previously noted. It is believed that Access also told Harkins Builder that they had paid the plaintiff and thus Harkin's likewise filed documentation to the District under oath affirming that the lower tier contractors had been pad. However, the plaintiff had not been paid., despite notice and demand. The defendant Access breached said contract by failing to pay the plaintiff. As a result of the breach, the plaintiff is damaged in the amount of $365,156.00.

6.Forrester Construction also won a bid with the District of Columbia to do Renovations on the Mayfair Mansion Project which is located in the District of

Columbia. Forrester did a subcontract with Access to provide Demolition services for the project on December 3,2011.  Access did a subcontract agreement with the plaintiff on December 3,2011. The plaintiff began the work on the project on December 8,2011. According to this contract, the plaintiff was to provide services in two phases, one for Dumpster services for Access and she was to be paid $116,000 for the same by Access upon completion of said contract.  Secondly, the plaintiff was also supposed to provide demolitions services, supplies and equipment to Access. She was supposed to be paid by Access $302,890.62 under this part of the contract. The plaintiff began the work under this part of the contract on December 8,2011 and completed all of the work timely. The plaintiff was not paid any monies for the dumpster portion of the contract or for the demolitions services and equipment portion of the contract. The plaintiff completed her work under the entire contract on September 20,2012. The plaintiff thereafter demanded payment from Access.   The defendant Access breached the agreement by refusing to pay to the plaintiff ($418,890.62), Four Hundred eighteen thousand, eight hundred and ninety dollars and sixty-two cents.

7.  In accordance with the party's agreement, the plaintiff was to be paid in full upon completion of the contract which was September 20,2012, as previously noted.  The plaintiff fully performed under the contract in a work like manner. Upon Information and belief Forrester paid Access under their contract but

Access did not pay the plaintiff any monies. The plaintiff thereafter requested her payment due under the contract from Access. Access did not pay her. The Plaintiff then requested her money from Forrester, who refused to pay her. Although, the defendant Access never paid the plaintiff any money under this contract, it certified under oath to the District of Columbia that it had owed the plaintiff $365,156.00 for the Mayfair Mansion contract and that they had paid the plaintiff $302,890.62. Forrester also certified to the District of Columbia that the plaintiff had been paid. Although, both Forrester and Access knew that the plaintiff had not been paid any monies under this contract. Upon information and belief, Forrester and Access forged the plaintiffs name on partial releases which certified that she had been paid but the plaintiff had not been paid. The defendants knew this information was false when the put said information on the certified form. These documents where filed with the District on February 16,2012 and July 12,2013, As a result of their conduct, the plaintiff is damaged in that they represented that she was paid by them and she never was paid any monies by Access or by Forrester.

8. In Order to complete the Harkin project, the plaintiff had to apply for a line of credit. She got a line of credit with BKW Environmental (hereinafter BKW) in New Jersey for amount $ 500,000 on January 21,2011. The plaintiff was supposed to place the orders with BKW with the line of credit. However, upon information

and belief Access had its own people place orders for BKW using the plaintiffs line of credit from January 21,2011 till May 20 2012.  All of these material and equipment where delivered to Access' warehouse in Baltimore. They were not sent to the construction site. Plaintiff thereafter received collections notices from BKW who refused to honor the line of credit any further since the defendant Access had ran up the credit line and had not paid it all. There is currently $16,000 owed to BKW by Access use of the plaintiff's line of credit. Thereafter, Access acquired a line of credit in the plaintiff 's name from a company named Inline in the amount of $250.000, two hundred and fifty thousand dollars. They ordered supplies from Inline in May 2012 until September 2012. There is currently an outstanding balance owed by Access in the amount of $86,000.00. too Inline. Despite, notice and demand Access refuses to pay Inline and BKW.

 Wherefore, the following the plaintiff prays for the following relief:
Judgment against the defendant Access  in the amount of $886,046.62 plus cost,

Reasonable attorney fees,
And any and all other relief deemed appropriate by this Court.

                 Respectfully Submitted.

/s/Clarissa Thomas Edwards

Clarissa Thomas Edwards

434607 THE LAW OFFICE OF

C THOMAS.CH 2402

L'Enfant Square, SE

Washington, DC 20020

202-546-0638 Counsel for

the plaintiff.

## CERTIFICATE OF SERVICE

I, Clarissa Thomas Edwards hereby certify that a copy of this second amended complaint was served on counsel for the defendants on Nathan D. Adler on November 15, 16 at 12:26 am. Via ECF.

/s/ Clarissa Thomas Edwards

Clarissa T. Edwards 434607